UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ANDRE S. PENDERMON,<br><br>    Plaintiff,<br><br>v.<br><br>NURSE TAMMY,<br><br>    Defendant. | Civil Action No. 5:18-CV-495-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

In August 2018, plaintiff Andre Pendermon was confined at the Clay County Detention Center. Pendermon filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 complaining that he received inadequate medical care while incarcerated at the Madison County Jail. [R. 1] Construing Pendermon's medical claims as for "deliberate indifference to [his] serious medical needs under the Eighth Amendment," the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the claims against all defendants except for "Nurse Tammy." [R. 5]

Following service of process, Tami Hounsell, R.N., filed a motion to dismiss the complaint on a single ground: she asserts that Pendermon did not submit his claim to the Medical Review Panel before filing suit as required by Chapter 216C of the Kentucky Revised Statutes. [R. 10] Upon its own motion the Court extended Pendermon's response period from three to six weeks, making his response due by October 19, 2018. [R. 11] Prior to the expiration of that period, Pendermon filed a "Motion for Trial Continuance regarding Answers from defendant" in which he makes additional factual allegations and requests a hearing, but does not respond to defendant's legal argument. [R. 13] Pendermon has filed no other submissions regarding the pending motion.

1

As a preliminary matter, the defense asserted by defendant Hounsell is not properly the subject of a motion to dismiss under Federal Rule of Civil Procedure 12 because it does not challenge the sufficiency of the allegations in the complaint. Instead, it is akin to an assertion that Pendermon did not exhaust his administrative remedies prior to filing suit, an affirmative defense that the defendant bears the burden of asserting and proving. Cf. *Jones v. Bock*, 549 U.S. 199 (2007). It is also of singularly doubtful viability: giving Pendermon's claims the liberal construction to which they are entitled, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Pendermon claimed deliberate indifference to his serious medical needs in violation of the Eighth Amendment, a claim based upon the United States Constitution, not a common law claim for medical negligence arising under state law. Had Pendermon claimed only negligence under state law, his complaint would have suffered from a more fundamental flaw: the Court would lack subject matter jurisdiction to entertain it under 28 U.S.C. §§ 1331, 1332. Regardless, the Kentucky Supreme Court recently determined that the statute upon which defendant relies violates Section 14 of the Kentucky Constitution and is therefore void. *Commonwealth of Kentucky v. Claycomb by and Through Claycomb*, __ S.W.3d __, 2018 WL 5994975, at *6-10 (Ky. Nov. 15, 2018). The *Claycomb* decision renders the motion to dismiss substantively without merit, and it will be denied. The defendant having filed an answer [R. 9], the Court will refer this matter to a magistrate for pretrial management.

Accordingly, it is **ORDERED** as follows:

1. Defendant's motion to dismiss [R. 10] is **DENIED**.

2. Plaintiff's "Motion for Continuance ..." [R. 13] is **DENIED AS MOOT**.

3. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further proceedings, including preparing proposed findings of fact

and conclusions of law on any dispositive motions. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

This the 17th day of December 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY