**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**CIVIL ACTION NO:  5:18-CV-495**
*ELECTRONICALLY FILED*

**ANDRE PENDERMON**                                                    **PLAINTIFF**

**v.**

**TAMI HOUNSHELL**                                                    **DEFENDANT**

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

Defendant Tami Hounshell ("Nurse Hounshell"), in support of her Motion for Summary

Judgment tenders the following Memorandum in Support:

<u>**INTRODUCTION**</u>

This case arises from allegations that Nurse Hounshell has denied medical treatment to

Plaintiff in violation of his civil rights under 28 U.S.C. §1983.  Specifically, Plaintiff alleges that

Nurse Hounshell acted with deliberate indifference in violation of his Eighth and Fourteenth

Amendment rights when she refused to make an appointment with a gastroenterologist for him.

<u>**STATEMENT OF FACTS**</u>

This case arises from Plaintiff's allegations that Nurse Hounshell refused to make an

appointment with a gastroenterologist for Plaintiff.  Plaintiff, while an inmate at the Madison

County Detention Center ("MCDC") in late 2017 and early 2018, complained periodically of

stomach pain and blood in his stools.  (See SHP medical file attached as SHP_Pendermon 000001-

110.) (Attached as Exhibit 1.)   The most common causes of bloody stools are not life-threatening:

hemorrhoids, anal fissures, ulcers, and straining due to hard stools.  Although he was treated with

a variety of medications and a special diet, he continued to complain and requested to be seen by

a gastroenterologist. (See, generally, medical records at SHP_Pendermon0000016-17, 24, 47, 60,

69, and 110, reflecting treatment with stool softeners, laxatives, and ulcer medications and 52,

reflecting "no spicy food" request by medical to kitchen.)

Nurse Hounshell became the medical team administrator ("MTA") at MCDC on April 17,

2018. (Hounshell Affidavit at ¶ 2.) (Attached as Exhibit 2.) As MTA, Nurse Hounshell was

responsible for scheduling outside appointments for inmates. (Id. at ¶ 3.)

Pursuant to jail, as opposed to medical, policy, Plaintiff was informed that, if he had private

insurance, any such appointment would need to be paid for by that insurance. (Id. at ¶4.)   Plaintiff

was referred for a non-emergent consultation with a gastroenterologist. (Id. at ¶5.)     Plaintiff

requested his medical insurance card from a family member. (Id. at ¶ 6.)  Nurse Hounshell received

that information on or about May 4, 2018. (Id. at ¶7.)     Her note of that date provides:

> Reviewed pt insurance card in mail. Pt's insurance is state insurance out [of]South
> Carolina. Medical has called numerous gastroenterologist [sic] + cannot find one in Ky to
> take pt insurance.  Medical has spoke [sic] with Deputy Johnson about this issue + he is
> checking to see if the jail will cover without insurance.

(SHP_Pendermon 000038.) (Attached as Exhibit 3.) The jail responded on May 24, 2018,

and Nurse Hounshell recorded:

> This nurse was [sic] told to go ahead + make pt apt for his GERD, medical called
> Dr. Khan Ky Gastro and UK for appt. Each place wants gastro tests done before appt made.
> Medical told Deputy Johnson + was told he would check into this.

*Id.*  After Nurse Hounshell reported to Deputy Johnson that the providers were requiring

testing prior to making an appointment, he asked if the tests were emergent. (Hounshell Aff. at ¶

11.) When he was told that they were not, then he instructed Nurse Hounshell not to schedule

them.  (Id. at ¶ 12.)  Plaintiff was transferred from the MCDC to Clay County shortly thereafter.

(SHP_Pendermon000001.)

2

## STATEMENT OF LAW

### Summary Judgment Standard

A motion for summary judgment pursuant to Fed.R.Civ.P. 56(b) tests the viability of the plaintiff's claim.  A defendant's motion asserts that at least one essential element of plaintiff's claim is not supported by legally sufficient evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  The defendant does not need his own evidence to support this assertion but need only point to the absence of evidence favoring the plaintiff.  *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005).  The Plaintiff cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrate that factual questions remain for trial.  *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F. 2d 138, 143 (6th Cir. 1993) "A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts."

In response to a properly supported motion for summary judgment, the Plaintiff must come forward with some affirmative evidence demonstrating that a genuine issue of material fact exists. *Hunley v. Dupont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). The Plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence upon which a reasonable jury could find in his favor.  *O'Donnell v. City of Cleveland*, 838 F.3d 718, 724 (6th Cir. 2016).  Mere speculation will not suffice to defeat a motion for summary judgment.  *Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F. Supp. 2d 918, 933 (W.D. Ky. 2007).  The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.  See Fed. R. Civ. P. 56(c)(3).

I.      **Plaintiff Has Not Provided Evidence Sufficient to Establish "Deliberate Indifference" on the part of Nurse Hounshell**

Plaintiff claims that his constitutional rights were violated due to Nurse Hounshell's alleged deliberate indifference to his health and well-being. Specifically, he alleges that she refused to make an appointment for him with a gastroenterologist. Plaintiff, however, has not provided sufficient evidence to support this claim. The only evidence is that Nurse Hounshell responded promptly to Plaintiff's requests and attempted to schedule a gastroenterology appointment. Therefore, Defendant Hounshell is entitled to summary judgment.

Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed. 211 811 (1994). Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety yet disregard that risk by failing to take reasonable measures to abate it. *Id.* at 837. To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, an inmate must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06.

The U.S. Supreme Court has held:

> In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation

merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 at 105-06, 97 S.Ct. 285 at 292 (1976).

In *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Supreme Court explained the deliberate indifference standard in the context of an Eighth Amendment claim as describing a state of mind more blameworthy than negligence and requiring more than an ordinary lack of due care.  *Id*. at 835, 114 S.Ct. 1970.  In *Farmer*, the Court adopted a subjective standard for determining whether an official acted or failed to act with deliberate indifference: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  *Id*. at 837, 114 S.Ct. 1970.  This standard requires conscious disregard for a substantial risk of serious harm.  *Id*. at 839, 114 S.Ct. 1970; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  Accordingly, even where an official fails to act in the face of an obvious risk of which he should have known but did not, the official has not inflicted punishment in violation of the Eighth Amendment.  See *Farmer*, 511 U.S. at 837-38, 114 S.Ct. 1970.

The Sixth Circuit Court of Appeals held in *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) that:

> [t]he test to determine whether the [prison] officials acted with 'deliberate indifference' has an objective and subjective component. The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious.'  As the Supreme Court explained in *Farmer*, 'The inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'  To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'  *Napier*, 238 F. 3d at 742 (internal citations omitted).

4835-9935-1970

The court continued, holding that an "inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id*. citing *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994).

The U.S. Supreme Court and the Sixth Circuit Court of Appeals have rejected contentions of deliberate indifference even in the most egregious situations. For example, in *Estelle v. Gamble*, 429 U.S. 97 at 105-6, 97 S.Ct. 285 at 292 (1976), Mr. Gamble was placed in solitary confinement for prolonged periods of time as punishment for refusing to do work which he was physically unable to perform. Mr. Gamble suffered from a back sprain and high blood pressure, yet prison guards refused to let him sleep on a lower bunk as the doctor had prescribed. *Id*. On at least one occasion, Mr. Gamble had a prescription that was not filled for four days because it was lost by staff personnel. *Id*. When Mr. Gamble suffered chest pains and blackouts while in solitary confinement, he was forced to wait twelve hours to see a doctor while clearance was obtained from the warden. *Id*. Mr. Gamble had made seventeen attempts to obtain diagnosis and treatment for his condition. *Id*. Nevertheless, the Court found that this conduct did not amount to deliberate indifference. *Id*.

Similarly, in *Napier v. Madison County, Ky.*, 238 F. 3d 739 (6th Cir. 2001), the Sixth Circuit Court of Appeals rejected the plaintiff's claims of deliberate indifference in a case in which the plaintiff, who suffered from complete kidney failure, was kept from scheduled dialysis treatment while incarcerated. The court denied the plaintiff's claim due to his inability to produce evidence of any detrimental effects resulting from the lack of treatment. *Id*. at 743.

In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the plaintiffs alleged that the physician at the correctional facility had repeatedly failed to conduct proper physical examinations and to prescribe necessary pain medications; they also alleged that the doctor regularly cancelled prescriptions made by other doctors without consulting the prescribing doctors or examining the inmates. Other defendants in *Brooks* allegedly failed to properly supervise the doctor and to remedy the problems once they were brought to the defendants' attention. *Id*. at 126. Nevertheless, the court held that even repeated acts of negligence do not constitute deliberate indifference, absent a showing of subjective awareness of a substantial risk of serious harm. *Id*. at 129.

In *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986), during a riot, an unarmed prisoner was shot in the leg by prison officials without a verbal warning. The court held that this did not violate the inmate's Eighth Amendment rights. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Id*. at 319. "After incarceration, only the 'unnecessary and wanton infliction of pain'… constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id*. at 319, citing *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401 (1977), quoting *Estelle v. Gamble*, supra at 105-106, 97 S.Ct. at 291-292. *See also Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321 (1991).

In order to establish deliberate indifference, Plaintiff must provide evidence that Nurse Hounshell had knowledge of a substantial risk to Plaintiff's health, that she inferred that there was in fact a substantial risk, and that she disregarded it. Plaintiff has no such evidence here.

Plaintiff has not and cannot produce any evidence which would indicate that Nurse Hounshell consciously disregarded a substantial risk of harm to Plaintiff. Plaintiff has offered only the allegation that he had blood in his stool. Blood in the stool is not necessarily an indicator of a

4835-9935-1970

substantial risk of harm.  Most causes of bloody stool are non-life-threatening and include hemorrhoids, anal fissures and straining due to hard stool.

Furthermore, even if the Court were to conclude that Plaintiff's condition did pose a substantial risk of harm, Plaintiff must demonstrate that Nurse Hounshell consciously disregarded it.  This element requires that there be evidence of the defendant's *subjective intent*.  *Winkler v. Madison Cty*., 893 F.3d 877, 892 (6th Cir. 2018) (citing *Comstock v. McCrary*, 273 F. 3d at 703.) The record is barren of any evidence of Nurse Hounshell's state of mind. It certainly does not contain a shred of evidence that she deliberately ignored a referral for consultation with a gastroenterologist. As the record above demonstrates, Nurse Hounshell responded to Plaintiff's referral to a gastroenterologist. She obtained the Plaintiff's medical insurance information and attempted to locate a provider that would accept it. Having failed to find a provider that would accept the Plaintiff's insurance, Nurse Hounshell advised the jail staff of the issue.  Receiving the jail's approval to schedule the appointment, Nurse Hounshell attempted to make the appointment only to be told that a number of diagnostic tests would have to be performed beforehand. Lacking the authority to approve payment for such testing by the detention center, Nurse Hounshell again contacted the jail staff.  Upon learning that the testing was non-emergent, the jail staff, not Nurse Hounshell, denied permission to proceed.

Although the Sixth Circuit has held that "deliberate indifference may be established by showing of grossly inadequate care as well as [by] a decision to take an easier but less efficacious course of treatment," where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).  While Plaintiff may

complain that he did not receive the treatment he desired, he cannot complain that his requests were ignored. Plaintiff's allegations against Nurse Hounshell state, at most, a claim regarding the adequacy of the treatment he provided. This is insufficient to support a claim of deliberate indifference. (*Id.*)

Plaintiff's claim of deliberate indifference also fails because the Plaintiff has failed to produce expert testimony linking any action or inaction of Nurse Hounshell to an injury to the Plaintiff. Plaintiff does not allege and has produced no evidence that he has suffered any harm from his treatment or lack thereof.

Verifying medical evidence is required to state a claim for deliberate indifference. *King v. Alexander,* 574 Fed. Appx. 603, 605 (6th Cir. 2014). In *King*, the plaintiff inmate complained that her finger became infected from a burn and that jail staff, including medical staff, delayed treatment which resulted in amputation.  The inmate had the infection prior to her incarceration. She allegedly informed the staff of the treatment instructions of the outside treating provider which they did not comply with.  She received treatment while in the jail, but that treatment was different from that prescribed by her outside provider.  By the time the inmate received additional treatment, her finger had to be amputated.  The inmate failed to place verifying medical evidence into the record establishing that the delay in receiving the additional treatment had a detrimental effect. The inmate argued that no medical expert testimony was required.  The Sixth Circuit rejected that contention outright.  *King* at 606.  Verifying medical evidence is required to establish a causal connection between the inadequacy of treatment and injury: "King's failure to provide medical expert testimony to establish a causal link between her injury and the allegedly inadequate treatment thus dooms her deliberate-indifference claim." *Id.* at 606.  In so holding the *King* court cited to *Santiago v. Ringle*, 734 F.3d. 585, 591(6th Cir. 2013). In that case, as in the *King* case,

Santiago did not "allege that he received *no* medical treatment...Instead he complain[ed] that he was delayed in receiving a *specific type* of medical treatment." *Id.* (emphasis in original). Santiago's deliberate-indifference claim failed because in "a claim based on the prison's failure to treat a condition adequately, medical proof is necessary to assess whether the delay cause a serious medical injury." *Id.* (Internal punctuation omitted.)  See also, *Napier v. Madison County*, 238 F. 3d 739, 742 (6th Cir. 2001) ("[a]n inmate who complains that delay in medical treatment rose to the level of a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." In this case, Plaintiff received treatment for his condition in the form of medications and a special diet.  He has not received what he wants, i.e, an appointment with a gastroenterologist, but that decision was not Nurse Hounshell's nor has Plaintiff demonstrated that he has suffered any harm from it.

Plaintiff has failed to establish that he suffered from a condition that posed a substantial risk to his health; that Nurse Hounshell was aware of the risk and consciously disregarded it; and that Plaintiff suffered an injury as a result. Therefore, Plaintiff's claim for deliberate indifference fails and Nurse Hounshell is entitled to judgment as a matter of law.

**CONCLUSION**

For the above reasons, Defendant Tami Hounshell, respectfully requests that the Court grant summary judgment in her favor on all claims.

Respectfully submitted,

*s/Margaret Jane Brannon*
Margaret Jane Brannon
Jackson Kelly PLLC
175 East Main Street, Suite 500
Lexington, Kentucky 40507
(859) 255-9500
mjbrannon@jacksonkelly.com
*Counsel for Defendant Hounshell*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and by U.S. Mail, postage pre-paid, to the following:

Andre Pendermon
20066
Montgomery County Regional Jail
751 Chenault Lane
Inmate Mail/Parcels
Mount Sterling, KY 40353

*s/Margaret Jane Brannon*
Margaret Jane Brannon
*Counsel for Defendant Tami Hounshell*

11