UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ANDRE S. PENDERMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:18-CV-00495-GFVT-MAS |
| ) | |
| NURSE TAMMY, ) | RECOMMENDED DISPOSITION |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the undersigned on the referral from the District Court. Plaintiff, Andre S. Pendermon filed a Complaint alleging violations of his constitutional rights as related to his confinement (though it appears he is no longer incarcerated). He filed the Complaint *pro se*. [DE 1]. Eventually, pro bono attorneys entered representation on behalf of Pendermon. [DE 68]. However, it appears Pendermon stopped pursuing this lawsuit and cannot be located. Consequently, the Court ordered Pendermon to show cause why his case should not be dismissed for failure to prosecute it. [DE 121]. Pendermon did not respond to the Court's show cause order. In the interim, Defendant Nurse Tammy filed a Motion to Dismiss and for Sanctions pursuant to FED. R. CIV. P. 37(d)(1). [DE 115].

District Courts have the authority to *sua sponte* dismiss actions for failure to prosecute under Rule 41(b). *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). "This measure

is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 362-62 (6th Cir. 1999)). "Dismissal of a claim for failure to prosecute is a harsh sanction" that courts should only order after giving the Plaintiff adequate opportunity to prosecute its case. *Id.* at 726. When deciding whether dismissal under Rule 41(b) is warranted, courts should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel.,* 176 F.3d 359, 363 (6th Cir.1999) (citation omitted).

Here, these factors are met. The first factor is met when a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Further, the defendants have expended significant resources to defend this action since 2018. In fairness, Pendermon actively participated in the case until his deposition was first noticed in November 2023. [DE 95]. The record reflects Nurse Tammy's diligent efforts to pursue motion practice and discovery in the case. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and

2

resources expended to defend this case."). Nurse Tammy noticed Pendermon's deposition three times, and three times Pendermon failed to appear. Prior to the third notice, the Court conducted a discovery dispute teleconference and ordered Pendermon to appear in Kentucky for the deposition. [DE 104]. Additionally, Pendermon's own *pro bono* attorneys moved to withdraw, and in their sealed supplement to the Court, made clear that additional issues with Pendermon's actions presented a complete barrier to counsel's continued representation of him. [DE 118]. Thus, the first and second factors weigh in favor of dismissal.

Third, the Court expressly warned Pendermon in its show cause order on August 19, 2024, that his failure to respond and update his address would result in the undersigned recommending dismissal of this action. [DE 121]. Despite the warning and the Court and counsels' attempts to contact him, Pendermon has not contacted the Court in any way to express his intention to proceed with this case. This factor favors dismissal.

Finally, Pendermon's failure to respond to the Court's show cause order or appear at his three noticed depositions "renders the imposition of lesser sanctions unlikely to prompt even dilatory compliance." *Patton v. Phillips*, No. 7:22-cv-23-REW, 2022 WL 2980343, at *2 (E.D. Ky. July 28, 2022). Moreover, "dismissal without prejudice is an appropriate sanction in this situation, as it balances the court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th

3

Cir. 2004)). This is particularly true considering the undersigned is recommending dismissal, providing Pendermon one last opportunity to respond and object to dismissal of his case before finality of any action by the District Court.

In addition to the above reasons for dismissal, LR 5.3 provides that "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3. Based on Pendermon's prior numerous filings, it appears Pendermon knows how to contact the Court and should have done so by now.

Finally, should the District Court adopt the above recommendation, the Court Nurse Tammy's request for sanctions will be moot and the Court further recommends the District Court deny it as such. If the District Court does not adopt this recommendation, the undersigned will make additional recommendations regarding the Motion to Dismiss and for Sanctions.

Accordingly, the Court **RECOMMENDS** the District Court **DISMISS** without prejudice all claims pursuant to LR 5.3 and FED. R. CIV. P. 41(b) in this matter for lack of prosecution and **DENY** the Motion to Dismiss and for Sanctions for the reasons stated herein. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), FED. R. CIV. P. 72(b), and local rule, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration.

Entered this 22nd day of October, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY