UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ANDRE PENDERMON, ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:18-cv-00495-GFVT-MAS |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| TAMI HOUNSHELL, A/K/A NURSE ) | **&** |
| TAMMY, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Pendermon alleges that his Constitutional rights were violated during his incarceration. However, he has ceased prosecuting his lawsuit and cannot be located. For the reasons that follow, Judge Stinnett's Recommended Disposition **[R. 122]** is **ADOPTED**, the Defendant's Objections **[R. 127]** are **OVERRULED,** and this action is **DISMISSED without prejudice.**

**I**

This case has a lengthy history. In 2018, Mr. Pendermon filed a *pro se* Complaint alleging that various Defendants violated his Constitutional rights during his time in the Madison County Detention Center. [R. 1.] The action has progressed slowly since then, and was transferred to the undersigned in 2022 after Judge Boom recused. [R. 69.] All Defendants have been dismissed with the exception of Defendant Hounshell (aka "Nurse Tammy"). In 2024, Pendermon's pro bono counsel withdrew after Pendermon repeatedly failed to appear for depositions. [R. 104; R. 122.] Other issues relating to the withdrawal are filed in the record under seal. [R. 118.]

Following the withdrawal, Pendermon failed to comply with the Court's Order directing him either to obtain new counsel or proceed *pro se*. [R. 119.] Having heard nothing from Plaintiff Pendermon, Judge Stinnett entered an Order directing him to show cause why his claims should not be dismissed for failure to prosecute. [R. 121.] In that Order, Judge Stinnett noted that "[t]he information from Defendant Nurse Tammy at DE 115 and from Pendermon's own counsel at DE 118 indicate Pendermon has ceased to participate meaningfully in this lawsuit." *Id.* Judge Stinnett warned Pendermon in no uncertain terms that failure to prosecute his claims would result in a recommendation of dismissal under Rule 41(b). *Id.* Finally, after Mr. Pendermon failed to respond to the Show Cause Order, Judge Stinnett filed a Disposition recommending that Pendermon's claims be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). [R. 122.] To date, Plaintiff Pendermon still has not objected or otherwise responded to Judge Stinnett's Recommendation. Defendant Hounshell objects to the Recommended Disposition only to the extent it recommends a dismissal without prejudice. [R. 127.] She requests a dismissal with prejudice, instead. *Id.*

## II

As an initial matter, objections to an R&R must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson,* 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater,* 121 F.3d 709, 1997 WL 415309 at *2 (6th Cir.1997)). A general objection that does not identify a specific concern with the R&R is not permitted because it renders the Magistrates recommendations useless, duplicates the Magistrate's efforts, and wastes judicial economy. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir.1991).

Hounshell's objection states that a dismissal with prejudice is appropriate because the Plaintiff has wasted time and resources, and because "Defendant is entitled to have finality." [R. 127.] Though this objection is sufficiently specific, the Court will nevertheless overrule it. First, Hounshell does not cite any case law in support of her argument. Second, as Judge Stinnett explained, "dismissal without prejudice is an appropriate sanction in this situation, as it balances the Court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Cornett v. Dobson*, 338 F.R.D. 97, 100 (E.D. Ky. 2021). Though the Court is sympathetic to the Defendant's frustration, the Plaintiff's *pro se* status counsels in favor of a dismissal without prejudice. *See id.* ("[Dismissal without prejudice] is [] appropriate [here] as Plaintiff[] [Pendermon] appear[s] to be proceeding *pro se*, having failed to retain new counsel.").

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Stinnett's Report and Recommendation **[R. 122]** is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Hounshell's Objections to the Report and Recommendation **[R. 127]** are **OVERRULED**;

3. All hearings are **CANCELLED** and all pending motions are **DENIED as moot**; and

4. The matter is **DISMISSED without prejudice** and **STRICKEN** from the Court's active docket.

This the 12th day of November, 2024.

Gregory F. Van Tatenhove
United States District Judge